**JEANNETTE PENITUSI ROCHA, Appellant**

**v.**

**JOSE M.B. ROCHA, Appellee**

High Court of American Samoa
Appellate Division

AP No. 18-90

October 24, 1990

15

Before REES, Associate Justice.

Counsel: For Appellant, Robert A. Dennison III
          For Appellee, Asaua Fuimaono

On Motion for Enlargement of Time:

Notice of this appeal was filed on August 8. On the same day, counsel for appellant requested an estimate of the cost of "only those portions of the proceedings which are relevant to Finding No. 4 and Conclusion No. 5." In a separate letter to the court reporter who had transcribed the trial, counsel stated that "[i]t is my belief that all of the relevant testimony is to be found in the testimony of the Respondent, and most of that in my direct examination of him."

Apparently taking this "belief" as a statement of the portion of the transcript of which an estimate was being requested, the reporter did make an estimate which was filed in the record on August 13. Counsel then ordered the production of the partial transcript --- again stating that he was requesting "that portion of the trial proceedings . . . relevant to the contested Finding and Conclusion" and that he "believe[d]" that "most" of that portion was in his examination of the respondent. The reporter produced a partial transcript within the thirty-day limit prescribed by Appellate Court Rule 11(b).

Appellant now moves, however, for an enlargement of the time for filing of the transcript. The stated ground for the motion is that "[t]he partial transcripts filed to date omit part of the testimony requested by Appellant to be transcribed" and that the reporter needs more time to transcribe the "omitted portions." Counsel has appended to his motion another letter to the court reporter, confirming a conversation "agreeing that you would prepare an augmented transcript . . . to fully include all testimony regarding the money and other property of the parties."

Counsel appears to be telling the Court one of two things: either that he was wrong in his original "belief" that all the relevant testimony was contained in the portions of the transcript which he designated or that the court reporter erred in her estimate of which statements within the designated portions were "relevant to the contested Finding and Conclusion." It is impossible to tell, either from the motion or from the other papers in the Court's file, which of these errors is being alleged.

This suggests a fundamental problem in the way counsel went about ordering the transcript.

A party who wishes to order only part of a transcript should clearly designate the parts he is ordering. "My direct examination of the Respondent" is a clear designation. "Those parts of the transcript relevant to Finding 4 and Conclusion 5" is not. The court reporter is not a lawyer and cannot be relied upon to judge which portions of the transcript are "relevant."

Counsel's amended description of the desired portion of the transcript --- "all testimony regarding the money and other property of the parties" --- is not much better than the one that seems to have caused the confusion in the first place. Although it does not call for a legal opinion from the court reporter, it requires her to make judgment calls about which portions of the testimony should be characterized as "regarding money and other property" and which should not. Should the judgment of the reporter differ in some instances from that of counsel for the appellant, another motion and another extension will presumably be necessary.

The way to avoid such confusion, delay, and inconvenience is to designate portions of the transcript by reference to precise and observable boundaries such as "the testimony of X on cross-examination" or "the testimony of Y before lunch on Wednesday." Such units will invariably include some testimony that is of no interest to the party ordering the transcript; it is understandable that a party might prefer to save money by attempting to divide the transcript thematically rather than chronologically. The present case illustrates, however, that such an attempt can be far more trouble than it is worth. The clerk's records indicate that the entire trial lasted only an hour and forty minutes; the cost of producing a transcript of respondent's entire testimony could hardly have exceeded the value of the time spent thus far by appellant's counsel in dealing with the problem generated by his order for "relevant" portions.

In any event, the risks of uncertainty must be borne by the party who chooses them. If granting the present motion would result in any prejudice to the appellee --- if, for instance, it would cause the appeal to be set over from one annual appellate session to another --- the motion would be denied and the appeal decided on the basis of the record generated by the court reporter's best effort to comply with appellant's vague request. In the absence of any apparent prejudice, the motion will

be granted. Counsel may, if he wishes, make any further amendment to his order for a partial transcript no later than October 29. The reporter will then have until November 15 to produce the transcript.

It is so ordered.